UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Kathleen Toepper, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Law Office of Richard Snyder, Bruce Jackman, individually, Richard W. Snyder, individually, and Ben Bridge Jeweler, Inc.,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.    Plaintiff brings this Class Action Complaint for damages against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and an automatic stay violation.

## JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and 11 U.S.C. § 362.

4.    Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

1

**PARTIES**

5.    Plaintiff Kathleen Toepper (hereinafter referred to as "Plaintiff") is a natural person who resides in the City of Apple Valley, County of Dakota, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant Richard Snyder Law Office (hereinafter referred to as "Defendant RSLO") is a law firm with its headquarters located at 131 N. Tustin Ave, Suite 200, Tustin, CA 92780.

7.    Defendant RSLO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA because it uses the telephone and U.S. mail to collect debts, and such collection is its principal purpose.

8.    Defendant Richard Snyder (hereinafter referred to as "Defendant Snyder") is an attorney employed by Defendant RSLO.

9.    Defendant Snyder is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA because he uses the telephone and U.S. mail to collect debts, and such collection is his principal purpose.

10.    Defendant Bruce Jackman (hereinafter referred to as "Defendant Jackman") is a paralegal who works for Defendant RSLO.

11.    Defendant Jackman is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA because he uses the telephone and U.S. mail to collect debts, and such collection is his principal purpose.

2

12.    Defendant Ben Bridge Jeweler, LLC (hereinafter referred to as "Defendant Ben Bridge") is a foreign limited liability company with its headquarters located at 2901 3rd Avenue, Suite 200, Seattle, WA 98121.

## FACTUAL ALLEGATIONS

13.    On or before September 14, 2016, Plaintiff incurred a financial obligation with Defendant Ben Bridge, that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14.    On December 6, 2016, Plaintiff filed for Chapter 7 Bankruptcy in the District of Minnesota, Court File No. 16-33766.

15.    Plaintiff scheduled Defendant Ben Bridge as an unsecured creditor in the bankruptcy at an address of 2901 Third Avenue, Seattle, WA 98121.

16.    Notice of filing of the Bankruptcy was sent by the Bankruptcy Noticing Center to Defendant Ben Bridge on December 8, 2016.

### *Stay Violations by Defendants*

17.    On December 19, 2016, despite having prior notice of Plaintiff's bankruptcy proceeding, Defendant Ben Bridge violated the automatic stay provision under 11 U.S.C. § 362 for the first time, by sending a collection letter to Plaintiff claiming that she still owed $5,795.42.

18.    On January 9, 2017, Defendant Jackman, working under the employ of Defendant RSLO, which is an agent of Defendant Ben Bridge, sent Plaintiff's Bankruptcy Attorney a dunning letter, the body of which reads as follows:

3

"This office represents Ben Bridge Jewelers and has been retained to recover funds procured by your client through fraud. Our initial review of the file indicates that our client has sufficient grounds to seek a determination that its debt on the above-referenced account in the amount of $5814.28 be adjudged nondischargeable under 11 U.S.C. Section 523(a)(2).

If your client wishes to discuss a settlement of this matter prior to our filing an adversary complaint, please contact this office within 7 days of the date of this letter. If we do not receive a response, our office will proceed with preparing the adversary complaint to determine this debt to be nondischargeable."

19.    The bottom of the January 9, 2017, letter reads:

"In the event that the FDCPA is deemed to apply to bankruptcy proceedings, this letter is an attempt to collect a debt and any information obtained as a result will be used for that purpose."

20.    The January 9, 2017, collection letter is Defendant Ben Bridge's second violation of the automatic stay under 11 U.S.C. § 362, and the first automatic stay violation by Defendants Jackman and RSLO.

21.    On January 19, 2017, Defendant Ben Bridge sent Plaintiff a collection letter nearly identical to the one they sent on December 19, 2016, claiming that she still owed $5,795.42.

22.    The January 19, 2017, collection letter is Defendant Ben Bridge's third violation of the automatic stay under 11 U.S.C. § 362.

23.    On January 23, 2017, Defendant Jackson, acting as an agent of Defendants Ben Bridge and RSLO, faxed Plaintiff's Bankruptcy Attorney a dunning letter that reads as follows:

"Our client's records indicate that on or before 09/14/2016, your client purchased 18 K GOLD TOSCANO CHAIN, 18K GOLD EARRINGS

4

("Secured Property") from BEN BRIDGE JEWELERS with a fair market value of $6,788.36, and either admitted transferring the Secured Property pre-petition or failed to conclusively disclose its location and/or disposition as required in the bankruptcy schedules. As of the date your client's bankruptcy case was filed, the total amount owed on this account was $5,814.28, and our office has determined that sufficient cause may exist to file a complaint to Determine Nondischargeability of Debt under 11 U.S.C. § 523 (a)(6).

Before we proceed with preparing this complaint, we are offering your client an opportunity to settle this matter by signing a reaffirmation agreement. As an added incentive for your client to settle without litigation, we are offering a discount of $1,164.28 off of the principal amount owed on this debt, as reflected in the attached reaffirmation documents.

Please discuss this reaffirmation offer with your client. You must respond to this office within 7 days to avoid further action. Thank you for your prompt attention to this matter."

24.    The bottom of the January 23, 2017, letter reads:

"In the event that the FDCPA is deemed to apply to bankruptcy proceedings, this letter is an attempt to collect a debt and any information obtained as a result will be used for that purpose."

25.    Included in the January 23, 2017, fax was a reaffirmation agreement for the debt originally owed.

26.    Defendants' January 23, 2017, letter was Defendant Ben Bridge's fourth automatic stay violation and the second automatic stay violation by Defendants Jackman and RSLO.

27.    On February 15, 2017, Defendant Snyder faxed Plaintiff's Bankruptcy Attorney a dunning letter, which reads as follows:

"Based on a recent review of our legal file, the issues pertaining to the purchases from Ben Bridge Jewelers on the account with Ben Bridge Jewelers included in the above-referenced bankruptcy proceeding remain unresolved. You have left our office with no alternative but to escalate this matter with our client for further instructions.

> We have prepared the attached complaint which we may be forced to file through local counsel if we do not hear from you. Please contact our office within seven (7) days to prevent further action.
>
> Our client had hoped this matter could be resolved without litigation, but the attached pleading should convince you that they are prepared and willing to take the next step."

28.   Defendant Snyder's February 15, 2017, fax included two copies of a draft complaint against Plaintiff, as well as a Notice of Intention to File Suit in Superior Court of California, addressed to Tammy L. Marler, an unrelated party to the instant case.

29.   The February 15, 2017, collection letter is Defendant Ben Bridge's fifth automatic stay violation, Defendant Snyder's first automatic stay violation, and Defendant RSLO's third automatic stay violation.

30.   On March 7, 2017, Plaintiff's debts were discharged in bankruptcy.

### *FDCPA Violations by Defendant Jackman*

31.   The two dunning letters sent by Defendant Jackman were harassing, oppressive and abusive because he intentionally represented the debt as if it were still owed and collectible outside bankruptcy proceedings, and threatened unintended legal action in an effort to collect a debt that was included in bankruptcy filing. This constitutes a violation of 15 U.S.C. § 1692d.

32.   Defendant Jackman's January 9, 2017, dunning letter was false and deceptive because he stated that Plaintiff had procured funds through fraud in violation of 15 U.S.C. § 1692e.

6

33. Defendant Jackman's dunning campaign misrepresented the legal status of the debt by implying that it was still owed by Plaintiff and collectible by Defendants outside of bankruptcy proceedings, when he claimed that "issues…remain unresolved", by asking for settlement, by "offering a discount… off of the principal amount owed on this debt", and by mentioning that "this letter is an attempt to collect a debt".

34. By representing the debt as if it was still owed and collectible outside of bankruptcy proceedings, Defendant Jackman misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

35. Defendant Jackman did not intend to file an adversarial complaint, as he never filed the threatened complaint against Plaintiff, and upon information and belief, has never filed suit of any kind in the District of Minnesota. This threat of unintended action is a violation of 15 U.S.C. § 1692e(5).

36. Defendant Jackman's dunning letters used numerous false representations and deceptive means to collect on a debt, including but not limited to: claiming that Plaintiff had procured funds through fraud, and claiming that it would be forced to file a complaint.

37. By using such false representations and deceptive means to collect on a debt, Defendant Jackman violated 15 U.S.C. § 1692e(10).

38. Defendant Jackman's dunning campaign against Plaintiff was unfair and unconscionable because he represented the debt as owed and collectible outside bankruptcy.

7

39. These unfair and unconscionable means of debt collection violate 15 U.S.C. § 1692f.

### *FDCPA Violations by Defendant Snyder*

40. The dunning letter sent by Defendant Snyder was harassing, oppressive and abusive because it threatened unintended legal action in an effort to collect a debt that was included in bankruptcy filing. This constitutes a violation of 15 U.S.C. § 1692d.

41. Defendant Snyder did not intend to file an adversarial complaint, as he never filed the threatened complaint against Plaintiff, and upon information and belief, has never filed suit of any kind in the District of Minnesota. This threat of unintended action is a violation of 15 U.S.C. § 1692e(5).

42. Defendant Snyder's dunning letter used false representations and deceptive means to collect on a debt, by claiming that he would be forced to file a complaint.

43. By using such false representations and deceptive means to collect on a debt, Defendant Snyder violated 15 U.S.C. § 1692e(10).

44. Defendant Snyder's February 15, 2017, dunning letter did not disclose that it was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

45. Defendant Snyder's February 15, 2017, dunning letter did not disclose that it was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

46. Defendant Snyder's dunning campaign against Plaintiff was unfair and unconscionable because it imposed several immediate deadlines with threats of

action it did not take and has never taken in this District, all while the debt was included in pending bankruptcy proceedings.

47. These unfair and unconscionable means of debt collection violate 15 U.S.C. § 1692f.

### *FDCPA Violations by Defendant RSLO*

48. The dunning campaign by Defendant RSLO was harassing, oppressive and abusive because it intentionally, represented the debt as if it were still owed and collectible outside bankruptcy proceedings, and threatened unintended legal action in an effort to collect a debt that was included in bankruptcy filing. This constitutes a violation of 15 U.S.C. § 1692d.

49. Defendant RSLO's January 9, 2017, dunning letter was false and deceptive because it stated that Plaintiff had procured funds through fraud in violation of 15 U.S.C. § 1692e.

50. Defendant RSLO's dunning campaign misrepresented the legal status of the debt by implying that it was still owed by Plaintiff and collectible by Defendants outside of bankruptcy proceedings, by claiming that "issues...remain unresolved", by asking for settlement, by "offering a discount... off of the principal amount owed on this debt", and by mentioning that "this letter is an attempt to collect a debt".

51. By representing the debt as if it was still owed, Defendant RSLO misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

52.    Defendant RSLO did not intend to file an adversarial complaint, as it never filed the threatened complaint against Plaintiff, and upon information and belief, has never filed suit of any kind in the District of Minnesota. This threat of unintended action is a violation of 15 U.S.C. § 1692e(5).

53.    Defendant RSLO's dunning campaign used numerous false representations and deceptive means to collect on a debt, including but not limited to: claiming that Plaintiff had procured funds through fraud, and claiming that it would be forced to file a complaint.

54.    By using such false representations and deceptive means to collect on a debt, Defendant RSLO violated 15 U.S.C. § 1692e(10).

55.    Defendant RSLO's February 15, 2017, dunning letter did not disclose that it was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

56.    Defendant RSLO's February 15, 2017, dunning letter did not disclose that it was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

57.    Defendant RSLO's dunning campaign against Plaintiff was unfair and unconscionable because it represented the debt as owed and imposed several immediate deadlines with threats of action it did not take and has never taken in this District, all while the debt was included in pending bankruptcy proceedings.

58.    These unfair and unconscionable means of debt collection violate 15 U.S.C. § 1692f.

59.    Defendants have caused Plaintiff to suffer concrete damages in the form of sleeplessness, depression, feelings of guilt and worthlessness, and embarrassment

when talking to friends and family. In addition, unlawful collection efforts by Defendants have had a negative impact on Plaintiff's job.

60.     Upon information and belief, Defendant RSLO, on behalf of Defendant Ben Bridge, has sent numerous threatening letters to many third parties with no intention of filing the adversarial proceeding it threatened.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this action individually and as a class action.

62.     Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify a class.

63.     The class Plaintiff seeks to certify is defined as:

*All consumers nationwide who, within one (1) year of the filing of this Class Action Complaint, received a collection letter from Defendants Jackman, Snyder, and RSLO in a form substantially similar identical to any of the letters identified above, during or after bankruptcy proceedings.*

64.     The Class shall be subject to the following exclusions, who are not members of the Class, eligibility according to the above criteria notwithstanding:

*All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

65.     The Class meets all factors in Rule 23(a-b) for class certification.

### *Rule 23(a) Requirements*

### *Numerosity*

66.    Upon information and belief, Defendants attempted to collect alleged debts from numerous consumers who had outstanding alleged debt obligations with Defendant Ben Bridge.

67.    Upon information and belief, one or more of the dunning letters Plaintiff received is/are mass-mailed form letters, as evidenced by overly generalized language on all three letters, by the inclusive language on the January 23, 2017, letter (e.g. "your client… either admitted transferring the Secured property pre-petition or failed to conclusively disclose its location and/or disposition as required in the bankruptcy schedules."), and by the fact that all identifying information on the January 23, 2017, letter is in all capital letters.

68.    Based on the plausible claim that the collection letters at issue are mass-mailed form letters, it is plausible that Defendants attempted to collect from such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

69.    Therefore, upon information and belief, the estimated number of Class members is in excess of 50.

*Commonality*

70.    All members of the Class had their rights violated in the same manner by the same actions of Defendants.

71.    Common evidence, in particular (1) a list of all alleged consumer debtor accounts that were sold, transferred, and/or assigned to Defendants; (2) records in the possession of Defendants documenting those consumers who had filed for

bankruptcy; and (3) the collection letters sent by Defendants in an attempt to collect on the alleged outstanding consumer accounts which had been included in bankruptcy, will drive resolution of the claims of the Class.

72.    Statutory relief is directed based upon the common conduct of Defendants, i.e. the extent to which Defendants sent collection letters to consumers, not the subjective, individual experiences of members of the Class.

*Typicality*

73.    Plaintiff has the same claims to statutory relief as all other members of the Class and such claims are all based on the same facts and legal theories.

74.    The only individual issue is the identification of the consumers who received collection letters from Defendants after having already sent notice of their bankruptcy to Defendants, which is a matter capable of ministerial determination from Defendants' records.

75.    Any defenses that Defendants may have to liability or quantum of damages with respect to Plaintiff's claims would be generally applicable to all members of the Class.

*Adequacy*

76.    Plaintiff brings this lawsuit after an extensive investigation of Defendants' alleged misconduct.

77.    Plaintiff brings this lawsuit with the intention to stop Defendants' unlawful practices and recover statutory penalties for all consumers affected.

78.    Plaintiff will continue to vigorously pursue relief for the Class.

79.    Plaintiff will fairly and adequately represent the Class members' interests.

80.    Plaintiff's interests are consistent with the interests of the Class.

81.    Plaintiff's counsel, the Consumer Justice Center, P.A., has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

82.    Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Class.

### Rule 23(b)(3)

### Predominance/Superiority

### Predominance

83.    Statutory relief follows from evidence that Defendants sent similar collection letters to all members of the Class, not the subjective experience of any one complainant.

84.    Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Class.

### Superiority

85.    Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendants related to their unlawful collection conduct.

86.    Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting this lawsuit.

87.    Upon information and belief, few members of the Class are aware that Defendants' actions were unlawful.

88.    The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where they otherwise would not have.

## RESPONDEAT SUPERIOR LIABILITY

89.    The acts and omissions of Defendants Jackman and Snyder, and the other debt collectors employed as agents by Defendant RSLO who communicated with Plaintiff – further described herein – were committed within the time and space limits of their agency relationship with their principal, Defendant RSLO.

90.    The acts and omissions by Defendants Jackman and Snyder and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant RSLO in collecting consumer debts.

91.    By committing these acts and omissions against Plaintiff, Defendants Jackman and Snyder and these other debt collectors were motivated to benefit their principal, Defendant RSLO.

92.    Defendant RSLO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and bankruptcy automatic stay, in their attempts to collect this debt from Plaintiff.

## STANDING

93.    The above-detailed conduct by Defendants violated numerous provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

94.    The above-detailed conduct by Defendants violated the automatic stay numerous times.

95.    Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

96.    Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff, which is more fully stated herein.

97.    Because of the Defendants' collection campaign, Plaintiff was confused about her rights as a consumer.

98.    Plaintiff has suffered actual damages as a result of Defendants' illegal collection communications in the form of sleeplessness, depression, feelings of guilt and worthlessness, and embarrassment when talking to friends and family. In addition, unlawful collection efforts by Defendants have had a negative impact on Plaintiff's job.

99.    Defendants' actions denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information is on its own sufficiently concrete.

100.  Defendants' collection campaign illustrate the risk of tangible harm from debt-collector misrepresentations and stay violations, which is an increased risk of harm that itself supports standing here.

101.  Defendants' actions constitute an injury that is not a non-justiciable generalized grievance.

102.  Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## **TRIAL BY JURY**

103.  Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

### **AGAINST DEFENDANTS JACKMAN, SNYDER AND RSLO**

### ***DEFENDANT JACKMAN***

104.  Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

105. The foregoing acts and omissions of Defendant Jackman constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

106. The two dunning letters sent by Defendant Jackman were harassing, oppressive and abusive because he intentionally represented the debt as if it were still owed and collectible outside bankruptcy proceedings, and threatened unintended legal action in an effort to collect a debt that was included in bankruptcy filing. This constitutes a violation of 15 U.S.C. § 1692d.

107. Defendant Jackman's January 9, 2017, dunning letter was false and deceptive because he stated that Plaintiff had procured funds through fraud in violation of 15 U.S.C. § 1692e.

108. Defendant Jackman's dunning campaign misrepresented the legal status of the debt by implying that it was still owed by Plaintiff and collectible by Defendants outside of bankruptcy proceedings, when he claimed that "issues...remain unresolved", by asking for settlement, by "offering a discount... off of the principal amount owed on this debt", and by mentioning that "this letter is an attempt to collect a debt".

109. By representing the debt as if it was still owed and collectible outside of bankruptcy proceedings, Defendant Jackman misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

110. Defendant Jackman did not intend to file an adversarial complaint, as he never filed the threatened complaint against Plaintiff, and upon information and belief, has never

filed suit of any kind in the District of Minnesota. This threat of unintended action is a violation of 15 U.S.C. § 1692e(5).

111.    Defendant Jackman's dunning letters used numerous false representations and deceptive means to collect on a debt, including but not limited to: claiming that Plaintiff had procured funds through fraud, and claiming that it would be forced to file a complaint.

112.    By using such false representations and deceptive means to collect on a debt, Defendant Jackman violated 15 U.S.C. § 1692e(10).

113.    Defendant Jackman's dunning campaign against Plaintiff was unfair and unconscionable because he represented the debt as owed and collectible outside bankruptcy.

114.    These unfair and unconscionable means of debt collection violate 15 U.S.C. § 1692f.

115.    As a result of Defendant Jackman's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Jackman.

*DEFENDANT SNYDER*

116.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

117.  The foregoing acts and omissions of Defendant Snyder constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

118.  The dunning letter sent by Defendant Snyder was harassing, oppressive and abusive because it threatened unintended legal action in an effort to collect a debt that was included in bankruptcy filing. This constitutes a violation of 15 U.S.C. § 1692d.

119.  Defendant Snyder did not intend to file an adversarial complaint, as he never filed the threatened complaint against Plaintiff, and upon information and belief, has never filed suit of any kind in the District of Minnesota. This threat of unintended action is a violation of 15 U.S.C. § 1692e(5).

120.  Defendant Snyder's dunning letter used false representations and deceptive means to collect on a debt, by claiming that he would be forced to file a complaint.

121.  By using such false representations and deceptive means to collect on a debt, Defendant Snyder violated 15 U.S.C. § 1692e(10).

122.  Defendant Snyder's February 15, 2017 dunning letter did not disclose that it was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

123.  Defendant Snyder's February 15, 2017 dunning letter did not disclose that it was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

124.  Defendant Snyder's dunning campaign against Plaintiff was unfair and unconscionable because it imposed several immediate deadlines with threats of

action it did not take and has never taken in this District, all while the debt was included in pending bankruptcy proceedings.

125. These unfair and unconscionable means of debt collection violate 15 U.S.C. § 1692f.

126. As a result of Defendant Snyder's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Snyder.

### *DEFENDANT RSLO*

127. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

128. The foregoing acts and omissions of Defendant RSLO constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

129. The dunning campaign by Defendant RSLO was harassing, oppressive and abusive because it intentionally, represented the debt as if it were still owed and collectible outside bankruptcy proceedings, and threatened unintended legal action in an effort to collect a debt that was included in bankruptcy filing. This constitutes a violation of 15 U.S.C. § 1692d.

21

130. Defendant RSLO's January 9, 2017, dunning letter was false and deceptive because it stated that Plaintiff had procured funds through fraud in violation of 15 U.S.C. § 1692e.

131. Defendant RSLO's dunning campaign misrepresented the legal status of the debt by implying that it was still owed by Plaintiff and collectible by Defendants outside of bankruptcy proceedings, by claiming that "issues…remain unresolved", by asking for settlement, by "offering a discount… off of the principal amount owed on this debt", and by mentioning that "this letter is an attempt to collect a debt".

132. By representing the debt as if it was still owed, Defendant RSLO misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

133. Defendant RSLO did not intend to file an adversarial complaint, as it never filed the threatened complaint against Plaintiff, and upon information and belief, has never filed suit of any kind in the District of Minnesota. This threat of unintended action is a violation of 15 U.S.C. § 1692e(5).

134. Defendant RSLO's dunning campaign used numerous false representations and deceptive means to collect on a debt, including but not limited to: claiming that Plaintiff had procured funds through fraud, and claiming that it would be forced to file a complaint.

135. By using such false representations and deceptive means to collect on a debt, Defendant RSLO violated 15 U.S.C. § 1692e(10).

136.  Defendant RSLO's February 15, 2017 dunning letter did not disclose that it was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

137.  Defendant RSLO's February 15, 2017 dunning letter did not disclose that it was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

138.  Defendant RSLO's dunning campaign against Plaintiff was unfair and unconscionable because it represented the debt as owed and imposed several immediate deadlines with threats of action it did not take and has never taken in this District, all while the debt was included in pending bankruptcy proceedings.

139.  These unfair and unconscionable means of debt collection violate 15 U.S.C. § 1692f.

140.  Defendants have caused Plaintiff to suffer concrete damages in the form of sleeplessness, depression, feelings of guilt and worthlessness, and embarrassment when talking to friends and family. In addition, unlawful collection efforts by defendants have had a negative impact on Plaintiff's job.

141.  Upon information and belief, Defendant RSLO, on behalf of Defendant Ben Bridge, has sent numerous threatening letters to many third parties with no intention of filing the adversarial proceeding it threatened.

142.  As a result of Defendant RSLO's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant RSLO.

**COUNT II.**

## AUTOMATIC STAY VIOLATION
## 11 U.S.C. § 362

### AGAINST ALL DEFENDANTS

143. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

144. Section 362(a)(6) of the Bankruptcy Code provides that Plaintiff's bankruptcy filing operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

145. Defendant Ben Bridge's actions in sending collection letters on December 19, 2016 and January 19, 2017, violated the automatic stay.

146. Defendant RSLO's actions in sending collection letters on January 9, 2017, January 23, 2017, and February 15, 2017, violated the automatic stay.

147. Defendant Jackman's actions in sending collection letters on January 9, 2017 and January 23, 2017, violated the automatic stay.

148. Defendant Snyder's actions in sending a collection letter on February 15, 2017, violated the automatic stay.

149. Defendants' actions in trying to collect on Plaintiff's debt were willful and in full knowledge and awareness of Plaintiff's bankruptcy filing and that the automatic stay was in effect.

150. Defendants' violations of the automatic stay entitle Plaintiff to actual damages, attorneys' fees and costs, as well as punitive and/or exemplary damages under Sections 362(k) and any other applicable sections of the Bankruptcy Code.

151.   The knowing, conscious, deliberate, and willful violations of the automatic stay by Defendants is in contempt of the bankruptcy court and are further punishable under Section 105(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

152.   A judgment be entered against Defendants, and in favor of Plaintiff and her bankruptcy estate (or any trustee appointed therein) for actual damages, including attorneys' fees and costs, as well as punitive and/or exemplary damages for Defendants' violation of the automatic stay;

153.   Finding Defendants in contempt of court for having knowingly, willfully, and deliberately violated the automatic stay;

154.   Awarding Plaintiff actual damages against Defendants Jackman, Snyder and RSLO for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);

155.   Awarding Plaintiff statutory damages against Defendants Jackman, Snyder and RSLO for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

156.   Awarding Plaintiff reasonable attorneys' fees and costs against Defendants pursuant to 15 U.S.C. § 1692k(a)(3);

157.   That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

158.   For such other and further relief as may be just and proper.

Dated this 1st day of September, 2017.

Respectfully submitted,

By: s/Mark L. Vavreck

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
**GONKO & VAVRECK PLLC**
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: tommy@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESTOA            )
                             ) ss
COUNTY OF _____   )

    I, Kathleen Toepper, having first been duly sworn and upon oath, depose and say as

follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to Defendant(s), or create a needless increase in the cost of litigation to Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                              _____
                              Kathleen Toepper

Subscribed and sworn to before me
this ___ day of August, 2017.
   September

_____
Notary Public

ANGELA M. ARNOLD
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2020