# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Kathleen Toepper, on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

Law Office of Richard Snyder, Bruce
Jackman, individually, Richard W. Snyder,
individually, and Ben Bridge Jeweler, Inc.,

        Defendants.

Case No. 17-cv-4190-JNE-KMM

**ORDER**

---

      Following an April 17, 2018 telephone conference, Defendants Bruce Jackman, Richard W. Snyder, and the Law Office of Richard Snyder (the "LORS Defendants"), filed a letter asking that discovery directed to them be stayed pending resolution of their motion to dismiss the amended complaint. (LORS Defs.' Letter (May 1, 2018), ECF No. 30.) The Plaintiff, Kathleen Toepper, objects to the LORS Defendants' request for a stay of discovery. (Pl.'s Letter (May 1, 2018) (on file with the Court).)

      Based on the parties' letters, the nature of Ms. Toepper's requests, and the entire record of this proceeding, the Court concludes that a temporary stay of discovery directed to the LORS Defendants is appropriate for several reasons. First, Ms. Toepper argues that the claims against the LORS Defendants and Defendant Ben Bridge Jeweler ("Ben Bridge") are so intertwined that discovery from the LORS Defendants should go forward now so that she may obtain discovery related to her

claims against Ben Bridge. The Court disagrees. Ms. Toepper's discovery requests to the LORS Defendants are not so clearly focused on obtaining information solely relevant to her claims against Ben Bridge. Moreover, nothing in this Order prohibits Ms. Toepper from obtaining relevant discovery from Ben Bridge.

Second, Ms. Toepper argues that even if the LORS Defendants' motion to dismiss is granted, she will still subpoena the same information pursuant to Rule 45. Essentially, Ms. Toepper's subpoena-related argument suggests that the LORS Defendants will be exposed to the costs of litigation regardless of the outcome of the motion to dismiss. However, Ms. Toepper overlooks the differences between discovery from parties to a case and from non-parties. Though the Court makes no ruling on the propriety of any hypothetical subpoena to the LORS Defendants, if the LORS Defendants are dismissed from the litigation, striking the proper balance on any third-party discovery may, but will not necessarily, be different. As it stands now, the LORS Defendants have adequately shown that Ms. Toepper's discovery requests may subject them to unnecessary costs of litigation if their motion to dismiss is granted.

Finally, even if the motion to dismiss is denied and the LORS Defendants remain parties, the delay caused by a temporary stay of discovery will not be so lengthy that Ms. Toepper will be unduly prejudiced.

**IT IS HEREBY ORDERED** that the LORS Defendants letter **(ECF No. 30)** requesting a temporary stay of discovery is **GRANTED**.

2

Date:  June 14, 2018

*s/Katherine Menendez*

Katherine Menendez
United States Magistrate Judge