UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen Toepper, on behalf of herself
and all others similarly situated,

       Plaintiff,

v.                                                                      Civil No. 17-4190 (JNE/KMM)
                                                                        ORDER
Law Office of Richard Snyder,
Bruce Jackman, Richard W. Snyder,
and Ben Bridge Jeweler, Inc.,

       Defendants.

      Plaintiff Kathleen Toepper ("Toepper") filed this putative class action alleging that Defendant Law Office of Richard Snyder ("LORS"), Defendant Bruce Jackman ("Jackman"), and Defendant Richard W. Snyder ("Snyder"), (collectively, "LORS Defendants"), violated the Fair Debt Collection Practices Act ("FDCPA") and the automatic stay of a bankruptcy proceeding. Am. Compl., ECF No. 19. Toepper also asserts claims for automatic stay violations against Defendant Ben Bridge Jeweler, Inc. ("Ben Bridge"). *Id.* at 24-25.

      LORS Defendants move to dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." ECF Nos. 24, 26. Toepper opposes the motion. ECF No. 34. As set forth below, the Court grants the motion and dismisses this action as against LORS Defendants.

## BACKGROUND

Around September 14, 2016, Toepper incurred a debt with Ben Bridge when she purchased a gold chain and gold earrings. ECF No. 19 at 3. On December 6, 2016, Toepper filed for Chapter 7 bankruptcy in the District of Minnesota. *Id.* Ben Bridge retained LORS, who then sent three letters concerning the debt to Toepper's bankruptcy attorney.[1] *Id.* at 3-6. These three letters are the basis for all the claims against LORS Defendants.

First, on January 9, 2017, Jackman, a paralegal for LORS, sent a letter to Toepper's bankruptcy attorney ("the January 9 Letter"). The letter reads, in relevant part:

> This office represents Ben Bridges Jewelers and has been retained to recover funds procured by your client through fraud. Our initial review of the file indicates that our client has sufficient grounds to seek a determination that its debt on the above-referenced account in the amount of $5814.28 be adjudged nondischargeable under 11 U.S.C. Section 523(a)(2).
>
> If your client wishes to discuss a settlement of this matter prior to our filing an adversary complaint, please contact this office within 7 days of the date of this letter. If we do not receive a response, our office will proceed with preparing the adversary complaint to determine this debt to be nondischargeable.
>
> Thank you for your cooperation in this matter.

---

[1] Toepper included the language of the letters in the Amended Complaint and no party questions the authenticity of the letters. ECF No. 19 at 3-6. The Court may therefore consider these letters in ruling on a motion under Rule 12(b)(6). *See, e.g.*, *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018) (courts deciding a Rule 12(b)(6) motion may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

2

ECF No. 27-1 at 1; ECF No. 19 at 3-4.  The bottom of the letter states: "In the event that the FDCPA is deemed to apply to bankruptcy proceedings, this letter is an attempt to collect a debt and any information obtained as a result will be used for that purpose."  *Id.*

On January 23, 2017, Jackman sent a second letter to Toepper's bankruptcy attorney ("the January 23 Letter").  This letter reads, in relevant part:

> Our client's records indicate that on or before 09/14/2016, your client purchased 18K GOLD TOSCANO CHAIN, 18K GOLD EARRINGS ("Secured Property") from BEN BRIDGE JEWELERS with a fair market value of $6,788.36, and either admitted transferring the Secured Property pre-petition or failed to conclusively disclose its location and/or disposition as required in the bankruptcy schedules.  As of the date your client's bankruptcy case was filed, the total amount owed on this account was $5,814.28, and our office has determined that sufficient cause may exist to file a complaint to Determine Nondischargeability of Debt under 11 U.S.C. § 523(a)(6).
>
> Before we proceed with preparing this complaint, we are offering your client an opportunity to settle this matter by signing a reaffirmation agreement.  As an added incentive for your client to settle without litigation, we are offering a discount of $1,164.28 off of the principal amount owed on this debt, as reflected in the attached reaffirmation documents.
>
> Please discuss this reaffirmation offer with your client.  <u>You must respond to this office within 7 days to avoid further action.</u>  Thank you for your prompt attention to this matter.

ECF No. 27-1 at 2 (emphasis in original); ECF No. 19 at 4-5 (emphasis in original).  The bottom of the letter states: "In the event that the FDCPA is deemed to apply to bankruptcy proceedings, this letter is an attempt to collect a debt and any information obtained as a result will be used for that purpose."  *Id.*  As stated, Jackman attached a proposed reaffirmation agreement.

3

Third, on February 15, 2017, Snyder, a lawyer for LORS, sent a letter to Toepper's bankruptcy attorney ("the February 15 Letter"). The letter reads, in relevant part:

> Based on a recent review of our legal file, the issues pertaining to the purchases from Ben Bridge Jewelers on the account with Ben Bridge Jewelers included in the above-referenced bankruptcy proceeding remain unresolved. You have left our office with no alternative but to escalate this matter with our client for further instructions.
>
> We have prepared the attached complaint which we may be forced to file through local counsel if we do not hear from you. <u>Please contact our office within seven (7) days to prevent further action.</u>
>
> Our client had hoped this matter could be resolved without litigation, but the attached pleading should convince you that they are prepared and willing to take the next step.

ECF No. 27-1 at 13 (emphasis in original); ECF No. 19 at 5-6 (emphasis in original). As stated in the letter, Snyder provided a complaint to Toepper's bankruptcy attorney.

On March 7, 2017, Toepper's debts were discharged in bankruptcy. ECF No. 19 at 6. On September 8, 2017, Toepper filed this putative class action against LORS Defendants and Ben Bridge. ECF No. 1. In her Amended Complaint, she alleges that the above letters violated the FDCPA and the automatic stay provision of the United States Bankruptcy Code. ECF No. 19. Toepper has not yet moved for class certification. LORS Defendants now move under Rule 12(b)(6) to dismiss the claims against them.

4

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Toepper asserts eight FDCPA claims, with each claim directed at more than one of the LORS Defendants. Toepper also claims that LORS Defendants violated the automatic stay. The Court dismisses all these claims.[2]

### I. Fair Debt Collection Practices Act

"The FDCPA was passed 'to eliminate abusive debt collection practices.'" *Haney v. Portfolio Recovery Assocs., LLC*, 837 F.3d 918, 924 (8th Cir. 2016) (citation omitted). To achieve this, the FDCPA bars a debt collector from (1) "harass[ing], oppress[ing] or

---

[2] Toepper holds LORS liable on all claims based on a theory of *repondeat superior*. ECF No. 19 at 15. LORS is thus liable only if one or both of its employees (Jackman or Snyder) are liable.

5

abus[ing] any person in connection with the collection of a debt," 15 U.S.C. § 1692d, (2) using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," *id.* § 1692e, and (3) using "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f.

Generally, courts evaluate FDCPA claims based on false, deceptive, or misleading information using the "unsophisticated consumer standard," which "applies to FDCPA claims challenging debt collection letters and other communications directly to the consumer." *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 574 (8th Cir. 2015). "This standard asks whether a reasonable consumer of below-average sophistication or intelligence would be misled or deceived by the false representation." *Ferkingstad v. Account Receivables Servs., LLC*, 16-cv-3565, 2017 WL 1373261, at *3 (D. Minn. Apr. 13, 2017). But "the unsophisticated consumer standard is 'inappropriate for judging communications with lawyers.'" *Powers*, 776 F.3d at 574. Instead, "a 'competent attorney' standard applies" when, as here, "'an attorney is interposed as an intermediary between a debt collector and a consumer.'" *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 695 (8th Cir. 2017) (citation omitted).

Toepper asserts that, in sending the above letters, LORS Defendants violated the following eight provisions of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g. *See* ECF No. 19.

1.  15 U.S.C. § 1692d

Section 1692d prohibits a debt collector from "harass[ing], oppress[ing], or abus[ing] any person in connection with the collection of a debt." The statute provides a non-exhaustive list of conduct that violates § 1692d, including threats of violence, use of profane language, publication of delinquent debtors, and repeatedly calling and annoying any person about the debt. § 1692(1)-(5).

Toepper claims that the above letters from LORS Defendants constituted harassment, oppression, and abuse in violation of § 1692d. ECF No. 19 at 6, 7, 8, 18, 20, 21. The claimed reason is that the letters "intentionally represented the debt as if it were still owed and collectible outside bankruptcy proceedings, and threatened unintended legal action in an effort to collect a debt that was included in bankruptcy filing." *Id.* at 6.

Toepper neglected to discuss her §1692d claims in her response to LORS Defendants' motion to dismiss. *See* ECF No. 34. At any rate, threatening unintended legal action and misrepresenting the status of a debt—the grounds for Toepper's § 1692d claims—are violations of § 1692e(5) and § 1692e(2), respectively. Toepper offers no other basis for the § 1692d claims. It is thus unclear how LORS Defendants violated § 1692d. For this reason, Toepper fails to state a claim to relief under § 1692d.

    2.        <u>15 U.S.C. § 1692e</u>

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Toepper claims that the January 9 Letter and the January 23 Letter were "false and deceptive because [they] stated that [Toepper] had procured funds through fraud." ECF No. 19 at 6, 9, 18, 22.

LORS Defendants argue that this was neither false nor deceptive. Under 11 U.S.C. § 523(a)(2)(A), a debt is nondischargeable if "obtained by" "false pretenses, a false representation, or actual fraud." Section 523(a)(2)(C) states that, "for purposes of [§ 523(a)(2)(A)]," "consumer debts owed to a single creditor and aggregating more than $675 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed nondischargeable." In short, consumer debts satisfying § 523(a)(2)(C) are presumed nondischargeable as debt "obtained by" "actual fraud."

LORS Defendants cited § 523 in the letters. Toepper's bankruptcy attorney was notified of the reason that LORS Defendants alleged that Toepper procured the debt by fraud. Under the competent attorney standard, the letters were not "false and deceptive" because a competent attorney would read and apply § 523 to independently determine whether Toepper incurred the debt fraudulently. This alone justifies dismissal of Toepper's § 1692e claims.

But there is more. As LORS Defendants explain, § 523(a)(2)(C) presumes fraud when a debtor incurs more than $675 in consumer debt for luxury goods[3] from a single creditor 90 days before the order for relief.[4] Toepper incurred well over $5,000 in consumer debt for gold jewelry from Ben Bridge, a single creditor. She incurred this debt on September 14, 2017 and filed Chapter 7 bankruptcy 83 days later. And so the debt appears presumptively fraudulent under § 523(a)(2)(C) and the letters appear correct. Toepper offers no argument to the contrary.

The Court therefore concludes that Toepper offers insufficient facts to establish that it was false and deceptive in violation of § 1692e for LORS Defendants to assert in the letters that Toepper incurred her debt by fraud. *See Twombly*, 550 U.S. at 555 (explaining that, to survive Rule 12(b)(6) motion, complaint must contain "more than labels and conclusions").

3.  15 U.S.C. § 1692e(2)

Section 1692e(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." Toepper claims that Jackman and LORS falsely "represent[ed] the debt as if it was still owed and collectible outside of bankruptcy proceedings" in the January 9 Letter and the January 23 Letter. ECF No. 19 at 7, 9, 18, 22. They allegedly made this misrepresentation by claiming "that 'issues . . . remain

---

[3] The statute does not define "luxury goods," other than explaining that "'luxury goods or services' does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor." 11 U.S.C. § 523(a)(2)(C)(ii)(II).
[4] The date of the "order for relief" is the date of the filing of the Chapter 7 petition. 11 U.S.C. § 301.

9

unresolved,' by asking for settlement, by 'offering a discount . . . off of the principal amount owed on this debt,' and by mentioning that 'this letter is an attempt to collect a debt.'" *Id.*

Toepper neglected to discuss her §1692e(2) claims in her response to LORS Defendants' motion to dismiss. *See* ECF No. 34. Regardless, the claims fail.

The letters do not misrepresent the debt as collectible outside bankruptcy proceedings. The letters clearly state that "sufficient grounds" exist to challenge the debt as nondischargeable. Bankruptcy courts determine nondischargeability. *See* Fed. R. Bankr. P. 7001(6). The letters even cite 11 U.S.C. § 523, the provision of the United States Bankruptcy Code addressing the basis of nondischargeability. It is therefore self-evident from the letters that Jackman and LORS, by referencing nondischargeability, accurately "represent[ed] the debt as if it was still owed and collectible [within, and not] outside of[,] bankruptcy proceedings." ECF No. 19 at 7, 9, 18, 22.

Requests to settle the debt likewise do not misrepresent the debt as recoverable outside the bankruptcy proceeding. The January 9 Letter asks if "the [bankruptcy attorney's] client wishes to discuss a settlement of this matter prior to our filing an adversary complaint." ECF No. 27-1 at 1. The January 23 Letter offers the bankruptcy attorney's "client an opportunity to settle this matter by signing a reaffirmation agreement." *Id.* at 2. "As an added incentive" to "settle without litigation," the letter offers a "discount of $1,164.28" on the debt. *Id.*

10

Bankruptcy law explicitly permits reaffirmation agreements and provides prerequisites to the creation of a valid reaffirmation agreement. 11 U.S.C. § 524. Among other requirements, § 524(c) requires reaffirmation agreements to be filed with the bankruptcy court. So the letters seek actions expressly included within a bankruptcy proceeding.

In sum, there is no factual basis for finding that the letters misrepresented the debt as collectible outside of bankruptcy proceedings.

4.  <u>15 U.S.C. § 1692e(5)</u>

Section 1692e(5) prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." Toepper claims that LORS Defendants violated § 1692e(5), because they "did not intent to file an adversarial complaint, as [they] never filed the threatened complaint against [Toepper] . . . [and have] never filed suit of any kind in the District of Minnesota." ECF No. 19 at 7, 8, 10, 18, 20, 22. Toepper offers no additional facts to support her claim.

Without more, it is speculative to conclude that threatened legal action is unintended if not pursued. Lawyers regularly threaten and intend to file lawsuits ultimately abandoned. Deeming such evidence sufficient to state a plausible claim to relief for a violation of the FDCPA would incentivize every debt collector threatening legal action to file the legal action simply to preempt an FDCPA claim for threatening unintended legal action. This would be wasteful. What is more, "the mere fact that the

11

LORS Defendants," who are based in California, "have not previously had occasion to litigate in [the District of Minnesota] does not mean that they had no intent to do so at the time the LORS Defendants sent the letters." ECF No. 26 at 11. Toepper thus offers insufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

### 5.   15 U.S.C. § 1692e(10)

Section 1692e(10) prohibits using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Toepper argues that LORS Defendants violated § 1692e(10) by "claiming that [Toepper] had procured funds through fraud, and claiming that [they] would be forced to file a complaint." ECF No. 19 at 7, 8, 10, 19, 20, 22.

These claims also fail. First, as with the alleged § 1692e violations discussed above, Toepper offers insufficient facts to establish that it was false and deceptive for LORS Defendants to assert that Toepper incurred her debt by fraud. Second, Toepper provides no further explanation as to why it is "false or deceptive" for LORS Defendants to write that, absent an agreement, they "*may* be forced to file" a complaint. ECF No. 27-1 at 13 (emphasis added). These words would not deceive a competent attorney into believing that counsel for Ben Bridge lacked the volition to forgo filing a complaint. The only reasonable interpretation of these words is that, apart from a reaffirmation agreement, LORS Defendants believe that filing an adversary complaint may be their

12

sole recourse for recovering the amount owed. This is not false or deceptive. Toepper thus fails to provide factual allegations to support her § 1692e(10) claims.

6.     15 U.S.C. § 1692e(11)

Section 1692e(11) prohibits a debt collector from failing "to disclose in the initial communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Section 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Toepper claims that LORS Defendants violated § 1692e(11). ECF No. 19 at 8, 10, 19, 20, 23. Toepper neglected to discuss her § 1692e(11) claims in her response to LORS Defendants' motion to dismiss. *See* ECF No. 34.

By its terms, § 1692e(11) applies to communications with a "consumer." LORS Defendants sent the letters to Toepper's bankruptcy attorney, who is not a "consumer." Section 1692e(11) is thus inapplicable to the letters.

7.     15 U.S.C. § 1692f

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Toepper claims LORS Defendants violated § 1692f in the three letters by "represent[ing] the debt as owed and collectible outside bankruptcy" and "impos[ing] several immediate deadlines with threats of action it did not take." ECF No. 19 at 7, 8, 9, 10, 19, 21, 23.

As discussed above in the context of the § 1692e(2) claims, the three letters did not misrepresent the "debt as owed and collectible outside bankruptcy." And it is not "unfair or unconscionable" for LORS Defendants to inform Toepper's bankruptcy attorney that, should Toepper reject a reaffirmation agreement—an event expressly embraced in the bankruptcy code—LORS Defendants will exercise their right to file an adversary complaint—another event expressly embraced in the bankruptcy code. As a result, Toepper fails to plead facts plausibly demonstrating unfairness or unconscionability in violation of § 1692f. *Iqbal*, 556 U.S. at 678 (holding that complaint must "contain sufficient factual matter" to "state a claim to relief that is plausible on its face").

    8.    <u>15 U.S.C. § 1692g</u>

Section 1692g requires debt collectors to provide certain notices to a consumer "[w]ithin 5 days after the initial communication with [the] consumer in connection with the collection of any debt." Section 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Toepper claims that LORS Defendants violated § 1692g when they failed to provide the required "warnings and disclosures." ECF No. 19 at 19, 20, 23. Toepper neglected to discuss her §1692g claims in her response to LORS Defendants' motion to dismiss. *See* ECF No. 34.

Section 1692g applies to communications with "consumers." The letters were communications with a non-consumer lawyer. Section 1692g therefore is inapplicable to the letters.

9. Conclusion

For the reasons above, the Court concludes that Toepper fails to state claims to relief under the FDCPA. The Court dismisses these claims under Rule 12(b)(6).

II. **Automatic Stay**

Under 11 U.S.C. § 362(a)(6), a bankruptcy petition "operates as a stay" of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of" the bankruptcy petition. Willful violations of the automatic stay are actionable and entitle the debtor to actual damages, attorneys' fees, and sometimes punitive damages. *Id.* § 362(k). Toepper claims that LORS Defendants willfully violated the automatic stay provision when they sent the three letters. ECF No. 19 at 3, 4, 5, 6, 24.

Toepper appears to acknowledge correctly that "a proposal of reaffirmation terms," like those included in the letters, "does not violate the automatic stay provision of section 326(a)(6) unless it contains threats or coercion amounting to harassment of the debtor." ECF No. 34 at 13 (citing *In re Epperson*, 189 B.R. 195, 198-99 (E.D. Mo. 1995)); *see also United States v. Nelson*, 969 F.2d 626, 630 (8th Cir. 1992) (finding that letter proposing reaffirmation was not a violation of the automatic stay); *DuBois v. Ford*

15

*Motor Credit Co.*, 00-cv-1446, 2001 WL 290353, at *6 (D. Minn. Jan. 19, 2001) ("reading § 362(a)(6) to prohibit all contact would render meaningless § 524(c), which explicitly allows a creditor and a debtor to enter into post-petition reaffirmation agreements"). "The case law makes clear that § 362(a)(6) is intended to prevent a creditor from harassing a debtor into paying pre-petition debt." *DuBois*, 2001 WL 290353, at *6.

Toepper must demonstrate that the letters to her bankruptcy attorney contained threats or coercion amounting to harassment. To prove harassment, Toepper cites the letters' threat to file an adversary complaint, the letters' use of deadlines, and the letters' allegation that Toepper fraudulently incurred her debt. ECF No. 34 at 15-16.

But it "is not a violation of the stay for a creditor to advise a debtor's counsel that he will take any action that he legally may take under the Code." *Nelson*, 969 F.2d at 630. Bankruptcy law allows the creditor to file an adversary complaint and assert that fraud renders the debt nondischargeable. *See* Fed. R. Bankr. P. 7001(6); 11 U.S.C. § 523. It was not therefore a violation of the automatic stay for LORS Defendants to advise Toepper's bankruptcy attorney of these possible actions.

To be sure, bankruptcy law does not explicitly authorize a debt collector to impose deadlines as a precondition to executing a reaffirmation agreement. But imposing these deadlines falls far short of "harassment," at least when, as here, the debt collector communicated the deadlines to the debtor's attorney, "who presumably would be in a

16

position to know or learn of his clients' rights under the bankruptcy law and would not be intimidated by a letter such as this." *Nelson*, 969 F.2d at 630.

In the end, Toepper provides insufficient facts to state a claim to relief for stay violations. The Court dismisses these claims under Rule 12(b)(6).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. LORS Defendants' motion to dismiss [ECF No. 24] is GRANTED.

2. This action is DISMISSED WITH PREJUDICE as against Defendant Law Office of Richard Snyder, Defendant Bruce Jackman, and Defendant Richard W. Snyder.

Dated: June 20, 2018

                                                                                              s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge